IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JUNK KING FRANCHISE SYSTEMS, LLC, and JUNK KING SPV LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GO JUNK FREE AMERICA!, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 6:25-cv-203 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Junk King Franchise Systems, LLC and Junk King SPV LLC (collectively, "Plaintiffs" or "Junk King") for their Complaint for Declaratory Judgment against Defendant Go Junk Free America!, Inc. (hereafter, "Defendant") state and allege as follows:

### I.  PARTIES

1. Plaintiff Junk King Franchise Systems, LLC is a limited liability company that is organized under the laws of the State of Delaware. Junk King Franchise Systems, LLC has its principal place of business at 1010 North University Parks Drive, Waco, Texas 76707.

2. Plaintiff Junk King SPV LLC is a limited liability company that is organized under the laws of the State of Delaware. Junk King SPV LLC has its principal place of business at 1010 North University Parks Drive, Waco, Texas 76707.

3. Upon information and belief, Defendant Go Junk Free America!, Inc. is a corporation that is incorporated under the laws of the State of California. Defendant has its principal place of business at 7861 S Western Ave, Los Angeles, CA 90047.

1

## II.    JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under 28 U.S.C. §§ 2201, 1338, and 1331 because this action involves a trademark dispute arising under Federal trademark law, 15 U.S.C. § 1051 et seq. The Court has ancillary jurisdiction over all state law claims under 28 U.S.C. § 1367.

5. Defendant is subject to personal jurisdiction under the Texas Long Arm Statute. Based upon information and belief and Defendant's representations through counsel, Defendant has transacted business in the State of Texas through sales and advertising of its services relevant to the controversy at issue, including in the Western District of Texas.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the alleged events or omissions giving rise to the relief sought herein occurred in this judicial district and division.

## III.    FACTS

7. Junk King brings this claim for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

8. Junk King was founded in 2005 to provide junk removal and related services for a diverse range of clients. Junk King has evolved over the decades by offering advanced technology programs designed to save consumers time and money by eliminating unwanted clutter while recycling, repurposing, and reusing materials.

9. Junk King is now the second largest junk removal company in North America with over 150 units and 70 franchisees and the number one rated junk removal service in North America.

10. Junk King's commitment to environmental sustainability is evidenced by its utilization of biodiesel fuels, a renewable fuel source, in many of its trucks in order to reduce its carbon footprint. By prioritizing sorting, donating, and recycling materials, Junk King makes a conscious effort to support its commitment to a greener world. In fact, Junk King is able to recycle up to 60% of each job's materials.

11. In support of this green mission, Junk King adopted the tagline "AMERICA'S GREENEST JUNK REMOVAL SERVICE," which it began using on or around 2016. An example of this use is depicted below.



12. Merely descriptive terms such as "AMERICA'S GREENEST JUNK REMOVAL SERVICE" are in the public domain and are free to be used by anyone who can truthfully employ them to describe their goods or services.

3

13. A term that is merely descriptive is not entitled to any protection from infringement under the U.S. Trademark Act (Lanham Act).

14. By letter dated October 23, 2024, Defendant, through its attorney, notified Junk King of Defendant's Supplemental Registration No. 3,700,570 for the term "AMERICA'S GREENEST JUNK REMOVAL SERVICE." A copy of the October letter is attached as **Exhibit A**.

15. Based on information and belief, Defendant filed an application for AMERICA'S GREENEST JUNK REMOVAL SERVICE on April 21, 2009. Having received an office action citing the geographically descriptive nature of the mark, Defendant opted for a Supplemental Registration on or around September 2009.

16. Marks registered on the Supplemental Register are not afforded the same benefits as marks registered on the Principal Register.

17. Based on this amendment, the USPTO issued on October 20, 2009, U.S. Supplemental Registration No. 3700570 for the mark "AMERICA'S GREENEST JUNK REMOVAL SERVICE," with exclusive rights in "JUNK REMOVAL SERVICES" disclaimed from the entirety of the mark show in this Supplemental Register registration. *See* **Exhibit B**.

18. An example of Defendant's use of the term "AMERICA'S GREENEST JUNK REMOVAL SERVICE" is depicted below.



19.     By the same letter, Defendant further demanded that Junk King compensate Defendant for its use of the term "AMERICA'S GREENEST JUNK REMOVAL SERVICE" and threatened legal action if Junk King, its related entities, or franchisees continued to use the term.

20.     While disagreeing with Defendant's contentions, and for independent business reasons, Junk King has taken steps to phase-out its use of the descriptive phrase "AMERICA'S GREENEST JUNK REMOVAL SERVICE."

21.     By letter dated March 14, 2025, Defendant, through its attorney, notified Junk King that its cessation of use was insufficient to compensate Defendant, who then made a monetary demand and threatened Junk King with litigation if it did not financially compensate Defendant. A copy of the March 2025 letter is attached as **Exhibit C**.

22.     As a result, there presently exists a justiciable controversy regarding Junk King's use of the term "AMERICA'S GREENEST JUNK REMOVAL SERVICE" in any form or manner free of allegations by Defendant that such conduct constitutes trademark infringement.

### FIRST CLAIM FOR RELIEF

**Declaratory Judgment**

23.     Plaintiffs repeat and reallege the factual allegations of paragraphs 1 through 22 as if fully set forth herein.

24.     As described herein above, an actual existing and bona fide controversy exists between Junk King and Defendant regarding the use of the term "AMERICA'S GREENEST JUNK REMOVAL SERVICE."

25. There is no basis in law or fact to support Defendant's claim that Junk King is infringing upon any valid trademark rights relative to the term "AMERICA'S GREENEST JUNK REMOVAL SERVICE."

26. The phrase "AMERICA'S GREENEST JUNK REMOVAL SERVICE" is not protectable as a trademark because it is merely descriptive, primarily geographically descriptive, and/or has not acquired secondary meaning prior to Junk King's first use of the phrase. To the extent Defendant has developed secondary meaning anywhere (which Plaintiffs dispute), it is only in a geographically limited area, namely Los Angeles, Orange, Ventura, San Bernardino, and Riverside counties at most.

27. The phrase merely describes both the geographic location and subject matter of Defendant's services.

28. Defendant owns no valid trademark rights in the merely descriptive phrase "AMERICA'S GREENEST JUNK REMOVAL SERVICE," because this phrase has not acquired distinctiveness as an indicator of the source of Defendant's services.

29. Junk King and its related entities and franchisees' use of the phrase "AMERICA'S GREENEST JUNK REMOVAL SERVICE" is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Junk King with Defendant, or as to the origin, sponsorship, or approval of Junk King's services.

30. Junk King's use of the phrase "AMERICA'S GREENEST JUNK REMOVAL SERVICE" does not constitute any false designation of origin.

31. Junk King's use of the phrase "AMERICA'S GREENEST JUNK REMOVAL SERVICE" does not constitute unfair competition under federal or state law.

32. Junk King's use of the phrase "AMERICA'S GREENEST JUNK REMOVAL SERVICE" does not constitute an unfair or deceptive act under federal or state law.

33. Junk King's use of the merely descriptive phrase "AMERICA'S GREENEST JUNK REMOVAL SERVICE" is a use of that phrase, otherwise than as a mark, fairly and in good faith only to describe Junk King's services. Junk King's use is therefore a fair use pursuant to 15 U.S.C. § 1115(b)(4) and analogous state and common law.

34. Junk King is entitled to declaratory judgment that its use of the phrase "AMERICA'S GREENEST JUNK REMOVAL SERVICE" does not infringe Defendant's trademark rights, that Junk King's use does not constitute a false designation of origin, that Junk King's use does not constitute unfair competition under federal or state law, and that Junk King's use does not constitute an unfair or deceptive trade practice under federal or state law.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs Junk King Franchise Systems, LLC and Junk King SPV LLC, request the following relief:

A. A judgment declaring that "AMERICA'S GREENEST JUNK REMOVAL SERVICE," as used by Defendant, is merely descriptive and/or primarily geographically descriptive, and is not the subject of valid trademark rights owned by Defendant.

B. A judgment declaring that "AMERICA'S GREENEST JUNK REMOVAL SERVICE," as used by Defendant, is not distinctive.

C. A judgment declaring that there is no likelihood of confusion created by Junk King's use of "AMERICA'S GREENEST JUNK REMOVAL SERVICE."

D. A judgment declaring that Junk King's use of "AMERICA'S GREENEST JUNK REMOVAL SERVICE" does not violate 15 U.S.C. §§ 1114 and 1125.

E.     A judgment declaring that Junk King has not infringed any protected trademark rights Defendant may have under the common law.

F.     A judgment declaring that Junk King's use of "AMERICA'S GREENEST JUNK REMOVAL SERVICE" does not constitute unfair competition.

G.     A judgment declaring that Defendant has not been damaged, harmed, or adversely affected in any way due to Junk King's use of "AMERICA'S GREENEST JUNK REMOVAL SERVICE."

H.     A judgment declaring that any violation of Defendant's rights that may have occurred was not willful, intentional, or reckless on the part of Junk King or made with conscious indifference to the rights of Defendant.

I.     A judgment declaring that Junk King has not otherwise violated any rights Defendant may have or unfairly competed with Defendant in any way.

J.      A judgment declaring that Junk King is entitled to reasonable attorneys' fees and costs under 15 U.S.C. § 1117 or other applicable laws or regulations

K.     All other relief the court deems appropriate.

Dated: May 14, 2025

/s/ *Christin J. Jones*
**Christin J. Jones** (Texas Bar No. 24070017)
KILPATRICK TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
(214) 922-7100
cjones@ktslaw.com

**William M. Bryner** (to be admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101
(336) 607-7300
bbryner@ktslaw.com

**Erica C. Chanin** (to be admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
echanin@ktslaw.com

**James R. Dunnam** (Texas Bar No. 06258010)
**Andrea M. Mehta** (Texas Bar No. 24078992)
DUNNAM & DUNNAM, LLP
4125 West Waco Drive
Waco, Texas 76710
(254) 753-6437
jimdunnam@dunnamlaw.com
andreamehta@dunnamlaw.com

*Attorneys for Plaintiff*